Steven T. Lowe, Esq. SBN 122208
steven@lowelaw.com
Kris LeFan, Esq., SBN 278611
kris@lowelaw.com
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Hao Ni (*pro hac vice* to be submitted)
hni@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff*
*Bluestone Innovations LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**BLUESTONE INNOVATIONS LLC**,

    Plaintiff,

v.

**TIGERDIRECT, INC.**,

    Defendant.

Case No. __

**ORIGINAL COMPLAINT**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Bluestone Innovations LLC ("Plaintiff") makes the following allegations against TigerDirect, Inc. ("Defendant"):

### PARTIES

1.    Plaintiff is a Virginia limited liability company, having a principal place of business of 1984 Isaac Newton Sq., Ste. 203, Reston, VA 20190.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 7795 West Flagler Street, Miami, FL 33144. Defendant may be served via its registered agent: The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, FL 32301.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

## U.S. PATENT NO. 6,163,557

6. Plaintiff is the owner by assignment of United States Patent No. 6,163,557 (the "'557 Patent") entitled "Fabrication of group III-V nitrides on mesas." The '557 Patent issued on December 19, 2000. A true and correct copy of the '557 Patent is attached as Exhibit A.

7. Messrs. Clarence J. Dunnrowicz, David P. Bour and Ms. Linda T. Romano are listed as the inventors on the '557 Patent.

8. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '557 Patent complied with such requirements.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,163,557

9. Upon information and belief, Defendant has been and is now infringing at least Claim 1 of the '557 Patent in the State of California, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale LED Lightbulbs with epitaxial film (including, without limitation, at least the IngeniLED 10W 800 Lumens Light Bulb) which include; a substrate including at least one upstanding mesa, each mesa having a top surface; and a group III-V nitride epitaxial film on the top surface of at least one mesa; wherein the at least one mesa including surfaces oriented along crack planes of the epitaxial film, covered by one or more claims of the '557 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '557 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '557 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Defendant's infringement of the '557 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '557 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '557 Patent;

     2.     A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '557 Patent, or such other equitable relief the Court determines is warranted;

     3.     A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '557 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

     4.     Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: November 30, 2015.

LOWE & ASSOCIATES, P.C.

By: */s/ Kris LeFan*
    KRIS LEFAN

Attorney for Plaintiff
BLUESTONE INNOVATIONS LLC

ORIGINAL COMPLAINT
CASE NO. _____